FANNIE GROSHONG, Respondent, v. THE UNITED
RAILWAYS COMPANY, of St. Louis, Appellant.

St. Louis Court of Appeals, October 19, 1909.

1. CARRIERS OF PASSENGERS: Street Railways: Pleadings:
Petition: Usual Stopping Place. In an action by a passenger
against a carrier for injuries received by a premature starting
of the car while the former was alighting, a petition which
avers that plaintiff signalled the servants operating the car
to stop at the intersection of two streets—"a regular stopping
place for the discharge of passengers"—and that the car was
stopped there, but which did not aver the signal was given
for a stop on the west side of the intersecting street, nor that
said side was the regular stopping place, did not commit plain-
tiff to the theory that the west side of the intersecting street
was the regular stopping place for the discharge of east-bound
passengers, and did not require her to prove it was.

2. ———: ———: Usual Stopping Place: Passenger Injured
While Alighting. Where the gist of plaintiff's case was that
the car was halted to let her alight in obedience to her signal
and was started carelessly while she was doing so, and there
was evidence to support the case, she was entitled to have
the jury pass on the weight of it, even though she was in error
in testifying about cars always stopping on the crossing at
which she attempted to alight.

3. ———: ———: ———: ———: Knowledge of Operatives.
If a car is stopped at a crossing in response to a passenger's
signal, the inference is fair that the operatives in charge knew,
or should know, somebody intends to get off, and they should
be careful not to start until assured no person is in the act
of alighting.

4. INSTRUCTIONS: Refusal: Proper Instruction Should be Giv-
en, Regardless of What Other Instructions Contain. An in-
struction requiring the jury to find one unnecessary fact is
no obstacle to granting another which requires them to find
none but necessary facts.

5. CARRIERS OF PASSENGERS: Instructions: Street Railways:
Usual Stopping Place: Passenger Injured While Alighting.
In an action by a passenger against a carrier for injuries re-
ceived by a premature starting of the car while the former
was alighting, where the petition does not allege that the injury

occurred at a regular stopping place, an instruction, offered by ·
plaintiff, which charged the jury that they should find for
plaintiff, if they believed the car stopped in response to plain-
tiff's signal on the west side of an intersecting street, and
while she was alighting, defendant's servants caused it to
start forward, before she had reasonable time to alight, when
they knew, or by the exercise of ordinary care could have
known, she was alighting, and that thereby she was injured,
should have been given, notwithstanding it did not require
them to find said stop was made at the usual stopping place.

· 6.  ———: ———: ———: ———: **Knowledge of Operatives:**
**Instructions.**  In such a case an instruction omitting to require
the jury to find that the crew in charge of the car from which
plaintiff attempted to alight when injured by an alleged pre-
mature start knew or by ordinary care could or should have
known before starting the car that she was attempting to
alight, was properly refused.

7.  ———: ———: **Degree of Care.**  An instruction which binds
a carrier to the use of ordinary care in carrying passengers is
below the legal requirement.

Appeal from St. Louis City Circuit Court.—*Hon. Geo.*
*H. Shields,* Judge.

AFFIRMED AND REMANDED.

*Boyle & Priest* and *Glendy B. Arnold* for appel-
lant.

(1)  The first exception is not well taken.  There
was no error in overruling the objection to the admis-
sion in evidence of section 1871 of the municipal ordi-
nances, providing a penalty for the violation of section
1870, on the ground that section 1871 was not pleaded,
section 1870 having been admitted without objection.
It is not necessary to plead an ordinance in order to
use it as evidence, and this being the only specific
ground of objection, it was properly overruled.  Bailey
v. Kansas City, 189 Mo. 514; Mulderig v. Railroad, 116
Mo. App. 655; Christman v. Meierhoffer, 116 Mo. App.
46.  The ordinance was competent evidence tending to
prove where the regular stopping place of the car was

for the purpose of discharging passengers. Jackson v. Railroad, 118 Mo. 199; Grady v. Transit Co., 169 Fed. Rep. 400; Gilroy v. Transit Co., 117 Mo. App. 663; Parks v. Transit Co., 119 Mo. App. 445. General objections to the introduction of evidence will not be considered on appeal. State v. Crone, 209 Mo. 316. (2) The second exception is not well taken. There was no error in permitting witness Davis to testify that a charge had been placed against plaintiff in the police court, because: (a) It appears that the charge in the police court was oral and not written. (b) The witness was not asked to, and did not, state the nature or substance of the charge. (c) Plaintiff's objection to the question came too late. The question was answered before the objection was made. State v. Long, 209 Mo. 366; State v. Sykes, 191 Mo. 62; State v. Pyles, 206 Mo. 626. (d) Counsel failed to move the court to strike the answer out, as it was his duty, if the answer was given before he had a reasonable opportunity to interpose an objection. Vette v. Johnson, 43 Mo. App. 300; State v. Sykes, 191 Mo. 62; Hollenbeck v. Railroad, 141 Mo. 97; State ex rel. v. Purcell, 131 Mo. 312. (e) Assuming that it was error to have permitted the witness to answer this question, the answer was harmless, because the witness had already testified without objection that plaintiff had been prosecuted and pleaded guilty and paid her fine. These were the only material facts that could be proved by the record. Water, etc., Co. v. Lamar, 140 Mo. 145. (3) The third, fourth and fifth exceptions are not well taken. The questions, rulings and objections involved in these three exceptions are identical. The form of the question objected to, is this: Do you know the reputation of the plaintiff in the community where she lived, for chastity? It was objected to as not being a proper formal question to impeach the credibility of a witness. (a) It is competent to impeach a female witness by proof of bad reputation for chastity. State v. Sibly, 131 Mo.

519 and 132 Mo. 102.   (b) The form of the question
is not objectionable because the inquiry was confined
to plaintiff's "general" reputation, for the word "rep-
utation" itself is commonly understood to mean one's
general repute.  Century Dictionary.   (c) If the omis-
sion of the word "general" from the question was er-
roneous, it was counsel's duty to state that as the spe-
cific ground of his objection, and this not being done,
the objection was properly overruled.  O'Neill v. Kan-
sas City, 178 Mo. 91; Griveaud v. Railroad, 33 Mo.
App. 458; Costigan v. Transportation Co., 38 Mo. App.
319.  (4) The sixth exception is not well taken.  The
objection to the reading of the deposition on the ground
that the absence of the witness, a resident of St. Louis,
was not shown, was properly overruled, because there
was sufficient evidence tending to show that the wit-
ness was out of the State, and to rebut the presump-
tion that she was at her domicile.  The issue of the
whereabouts of deponent was a question of fact for the
court to determine, and there being evidence to sus-
tain his ruling, his action will not be reviewed on ap-
peal.  Revised Statutes, sec. 2904.  (5) Exception sev-
en is not well taken.  There was no error in the court's
refusal to permit witnesses Meekle and Hurt to testify
in rebuttal for plaintiff, where the usual stopping place
for east-bound cars was at Washington avenue and
Twelfth street, and the court properly ruled that such
evidence was a part of the plaintiff's case in chief.  Re-
buttal testimony must be strictly confined to the re-
buttal of issues injected into the case by defendant.
King v. Gilson, 206 Mo. 274; Jackson v. Railroad, 118
Mo. 221; Glenn v. Stewart, 167 Mo. 585.

*Ellroy V. Selleck* and *John A. Talty* for respond-
ent.

(1)  The trial court erred in allowing the ques-
tions to be asked appellant's witnesses, and answered

by them, over respondent's objections. "Do you know plaintiff's reputation for chastity," and, "You say you know her reputation in the community down there for chastity?" See the testimony of witnesses, Davis Gibbertson and LaRue. If it was competent to show respondent's reputation for chastity, the proper question was, "Do you know plaintiff's general reputation for chastity in the community where she resides." In impeaching the credit of a witness by showing his reputation, the examination must be confined to his general reputation. "He must be able to state what is generally said of the person by those among whom he dwells." 1 Greenleaf on Ev. (15 Ed.), 461; 4 Elliott on Ev., sec. 3146. The trial court clearly erred in refusing respondent's instructions 1 and 2 and in giving appellant's instruction 2. It will be seen from a reading of these instructions, and the trial court stated, that those offered by respondent were refused, and the one offered by appellant was given, on the theory that, if the place where the car stopped when respondent undertook to alight was not the regular stopping place, respondent could not recover, even though it had stopped there to allow her to alight in response to her signal, as she testified. It might be that if the west crossing of Twelfth street on Washington avenue was not the regular stopping place for east-bound cars to allow passengers to alight, and the car in question stopped there, without any signal from respondent, and she attempted to get off and was injured by the car starting, appellant would not be liable, but where, as respondent testified, she "pushed an electric button to notify the conductor of her desire to alight at Twelfth street, and that in response to that signal the car came to a stop at the west crossing of Twelfth street" (Rec., p. 9). Clearly, under the law, it was appellant's duty, after stopping its car in response to her signal, after inviting her to alight therefrom, to allow her a reasonable time to do so. This is a much stronger case than

Cobb v. Lindell Railway Company, where the car sim-
ply slowed down, not at a crossing, but between two
streets, and the defendant was held liable for starting
its car before the plaintiff had a reasonable time to
alight. Here the petition charges, and the evidence
shows, a special request by respondent of appellant to
be let off and a compliance with her request by a stop-
ping of the car. Cobb v. Railroad, 149 Mo. 135, and
cases cited; Westerfelt v. Transit Co., 121 S. W. 114.
It is immaterial that the evidence does not support all
the charges in a petition if it does support sufficient
averments to authorize a recovery. It is fundamental
that it is only neccessary to prove the "substance of
the issue," which in this case was negligence on the
part of appellant in that it stopped its car for respond-
ent to alight in response to her signal and started it
forward suddenly before she had a reasonable time to
do so. The instruction refused contained all the in-
gredients necessary to make appellant liable. Stern
v. St. Louis, 161 Mo. 151; Knox v. Goggin, 105 Mo.
182; Childers v. Milling Co., 99 Mo. App. 270; Gar-
mon v. Gas Co., 145 Mo. 511. Even though the trial
court did not set down error in the giving and refus-
ing of instructions as a reason for setting aside the ver-
dict, nevertheless, this court, if it finds such error was
committed and that it is assigned as one of the grounds
for new trial in respondent's motion, will affirm the
judgment of the trial court, even though reasons given
by the trial court should be found insufficient. In this
case, respondent's motion for a new trial charges that
the trial court erred in refusing instructions offered by
respondent and in giving instructions offered by ap-
pellant. Cohn v. Insurance Co., 96 Mo. App. 315.

GOODE, J.—This appeal comes here from an or-
der granting plaintiff a new trial after a verdict against
her. The order said the new trial was allowed "on the
ground that the court had erred . . . in admitting

on behalf of defendant and over the objection of plaintiff, incompetent, immaterial and irrelevant evidence." But we are more impressed by another error now assigned in support of the order. Counsel for plaintiff insists the court erred in ruling on instructions; and to pass on this proposition, the pleadings and evidence must be noticed. Plaintiff resided at No. 1637 Washington avenue, St. Louis, and about noon of the day of the accident took an east-bound car on that avenue to go to the office of a physician at No. 1230 Olive street. When the car reached a point between Twelfth and Thirteenth streets, which run north and south, intersecting Washington avenue, she pushed an electric signal button notifying the conductor of her wish to alight at Twelfth street. In response to the signal the car came to a stop at the west crossing of Twelfth and Washington avenue. She testified she had ridden frequently on that line of cars, the cars always stopped at the west crossing of Twelfth street and she always got off there. On the day of the accident, as she was leaving the rear platform and while she had one foot on the step and was about to put the other on the street, still holding to a handrail, the car started, throwing her to the ground and injuring her. This is her story of the occurrence. The testimony for defendant tended to prove plaintiff attempted to get off the car while it was in motion; that no stop was made at the west crossing of Twelfth street and Washington avenue, but she attempted to alight while the car was crossing over Twelfth street, falling about one-third of the way from the tracks which ran north and south on Twelfth street and the west sidewalk of said street. That is to say, the car, when she stepped off, had not proceeded east on Washington avenue as far as the tracks which ran along Twelfth street and which it would have to cross, but had only traversed two-thirds of the distance of Twelfth street to those tracks. The evidence further tended to prove the cars never stopped at the west cross-

ing of Twelfth street and Washington avenue, but at the east crossing, and a city ordinance was introduced requiring east-bound cars on Washington avenue to stop to allow passengers to alight at the east crossing of any street and making it a misdemeanor for any motorman or conductor to violate the section. In the petition plaintiff alleged, among other things, that she signalled the men who were operating the car to stop "at the intersection of Twelfth street and Washington avenue, a regular stopping place for the discharge of passengers, for the purpose of alighting; and by reason of said signal, defendant's servants and agents did stop said car at said streets and plaintiff did leave said car," and while she was in the act of leaving it and before she had time to reach the pavement, the car was negligently started, etc.

The court refused two instructions requested by plaintiff of the following import: If the jury found from the evidence plaintiff signalled defendant's servants to stop on the west side or crossing of Twelfth street and Washington avenue for the purpose of allowing her to alight, and in response to said signal they did so, and while plaintiff was in the act of alighting, etc., the servants caused the car to start forward before she had a reasonable time to get off, and thereby threw her to the street and injured her, and the servants in charge of the car knew, or by the exercise of ordinary care could or would have known before starting, and in time to have averted the injury to plaintiff, that plaintiff was attempting to alight therefrom, and if she was exercising ordinary care at the time, she was entitled to recover. The second of the refused instructions was like the one just epitomized, except that it omitted to require the jury to find the crew in charge of the car knew, or by ordinary care could or would have known before starting and in time to have averted the injury to plaintiff, that she was attempting to alight. This instruction, of which complaint is made,

was given at defendant's request. That if the jury believed from the evidence the regular stopping place for the discharge of passengers from east-bound cars on Washington avenue was on the east side of Twelfth street, and there was no regular stopping place on the west side, it was the duty of plaintiff to wait until the car reached the east side of Twelfth street; and if the jury found the injuries she sustained were caused by her falling from the car while attempting to alight while it was in motion and before it reached the east side of Twelfth street, she was not entitled to recover.

This appeal was argued on the assumption that the petition averred plaintiff signalled for the car to be stopped at the west side of the intersection of Twelfth street and Washington, "a regular stopping place for the discharge of passengers, and by reason of the signal the car was stopped at said place." On looking at the petition we find it does not aver the signal was given for a stop on the west side, or that said side was the regular stopping place; but only avers plaintiff signalled the servants operating the car to stop at the intersection of Twelfth streets and Washington avenue, "a regular stopping place for the discharge of passengers," and the car was stopped there. That averment did not commit plaintiff to the theory that the west side of Twelfth street was the regular stopping place for the discharge of east-bound passengers, and did not require her to prove it was. In this respect the petition was like the one in Cobb v. Railroad, 149 Mo. 135. Therefore the refusal of the two instructions requested by her and the giving of the one requested by defendant of which complaint is made, cannot be justified on the ground the latter submitted the only case stated in the petition, and the former one not stated. But plaintiff testified the cars always stopped on the west side and she always got off there; and this circumstance, in connection with the fact that one of the instructions given at her request required the jury to find she sig-

nalled for the car to stop "at the intersection of Twelfth street and Washington avenue, and in response to said signal said car did stop on the west side of Twelfth street to allow her to get off the car, and that said place was the regular stopping place for the discharge of passengers," etc., is said to preclude a recovery unless the jury found the west side of Twelfth street was a regular stopping place for the discharge of passengers. The argument is that the west side was where passengers were always discharged; further, that she testified to ringing for a stop, and if the usual stopping place was the east side, the car must have stopped there, instead of on the west side; or, if it stopped on the west side the car crew had no reason to suppose she would attempt to get off there and hence defendant is not answerable for the starting of the car while she was getting off unless they knew she was. This reasoning is fallacious. The gist of plaintiff's case was that the car was halted to let her alight in obedience to her signal, and was started carelessly while she was doing so. If these things were supported by evidence, she was entitled to have the jury pass on the weight of it, even though she was in error about cars always stopping on the west crossing. If said car stopped on said crossing in response to her signal, as she testified, the inference is fair that the operatives in charge knew or should have known somebody intended to get off and should have been careful not to start until assured no person was in the act of alighting. [Cobb v. Railroad, 149 Mo. l. c. 145; Jones v. Traction Co., 118 S. W. 675.] The insertion in the first instruction given at her request of a requirement for the jury to find the west side was the regular stopping place, even if the language of the instruction fairly bears that interpretation, which is dubious, did not preclude her from having the case submitted to the jury in another instruction stating only facts essential to her recovery. An instruction requir-

ing the jury to find one unnecessary fact was no obstacle to granting another which required them to find none but necessary facts. The first of the refused instructions requested by plaintiff should have been given; the second one was rightly refused, for it did not require the jury to find the car crew knew, or by even the highest care would have known plaintiff was alighting, in time to avoid hurting her. It should be said the first instruction as requested only bound defendant's servants to use ordinary care, which is below the legal requirement.

The order for new trial is affirmed and the cause remanded. All concur.