BESSIE CHALMERS, Respondent, v. UNITED RAIL-
WAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, November 10, 1910.

1. CARRIERS OF PASSENGERS: Street Railways: Injury to
Passenger Alighting from Car. Where plaintiff, a passenger on
defendant street railroad company's car, was promised by the
conductor that the car would stop at a usual stopping place,
and, on the car's slowing down, stood on the step, holding to
the handrail, but through a sudden jerk of the car, resulting
from acceleration of speed, was thrown to the ground and in-
jured, defendant was liable, plaintiff being entitled to rely on
the conductor's invitation to be prepared to alight.

2. ———: ———: ———: Ordinary Jerk. In such a case, it was
not a prerequisite to a recovery by plaintiff to show the jerk
of the car was extraordinary or unusual, but to show an
ordinary jerk was sufficient, prima facie, under the circum-
stances.

3. RELEASES: Denial of Contract: Tender Not Necessary. In an
action for personal injuries, where the execution of a release
pleaded in the answer is denied, there is no necessity of a
tender of the amount alleged to have been received.

4. ———: Rescission: Tender. A tender of the amount received
is a prerequisite only in those cases where plaintiff concedes
that he executed the release and seeks to avoid it.

5. ———: Execution: Jury Question. In a personal injury action,
whether plaintiff executed a release of damages and received
and withheld an order on defendant's treasurer until after suit
was brought, *held*, under the evidence, for the jury.

6. EVIDENCE: Impeachment: Signed Deposition: Competency.
Where, though a deposition was not filed in a cause, it con-
clusively appeared to have been given by plaintiff and signed
by her after hearing it read, any statement therein tending to
contradict material statements made by her at the trial was
competent to be received in evidence.

7. ———: ———: ———: Cumulative. Where extrajudicial decla-
rations made by plaintiff are erroneously excluded, the error
is harmless, if defendant succeeds in eliciting the same state-
ments from plaintiff while she is a witness.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

REVERSED AND REMANDED

*Boyle & Priest* and *T. M. Pierce* for appellant.

(1) The court erred in refusing to give, at the close of the plaintiff's case and at the conclusion of the entire case, an instruction in the nature of a demurrer to the evidence, requested by the defendant. Because plaintiff failed to plead or prove that, before the institution of this suit, she had tendered back to the defendant the consideration for the release pleaded by the defendant. Althoff v. St. Louis Transit Co., 204 Mo. 170. There was no evidence in the entire record that the jerk, which the plaintiff claimed threw her to the street and injured her, was unusual, extraordinary or more than incidental to operation. Saxton v. Railroad, 98 Mo. App. 503. (2) The court erred in refusing to permit defendant to cross-examine the plaintiff about her deposition, which had been taken previous to the trial, and which was offered by the defendant as a signed statement, though not filed as a deposition. Glasgow v. Railroad, 191 Mo. 366; 1 Current Law, p. 922, note 17; Profile, etc., Co. v. Bickford, 54 Atl. Rep. 669.

*Benj. J. Klene, Richard F. Ralph* and *Ben J. Wolf* for respondent.

(1) It is the settled law of this state that a check, like a note, is never payment, except where an express agreement, that it was taken as payment, is shown. No such agreement was shown. Selby v. McCullough, 26 Mo. App. 66; Wear v. Lee, 26 Mo. App. 105; Morrison v. McCartney, 30 Mo. 183; Chouteau v. Rowe, 56 Mo. 67; Leabo v. Goode, 67 Mo. 126; Riggs v. Goodrich, 74 Mo. 112. A check is executory and revocable before payment. Bank v. Bank, 58 Mo. App. 17. (2) It is

not error to refuse defendant the right to cross-examine with the use of the deposition, because the matter to which her attention was sought to be directed was not in conflict materially with the testimony given by her on the stand. Glasgow v. Railroad, 191 Mo. 368. Because, after the refusal, defendant covered the matter to which it was desired to direct her attention in his examination, without the use of the so-called sworn statement, and this testimony is not in material conflict with the matter referred to in the so-called sworn statement. Glasgow v. R. R., 191 Mo. 368.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the alleged negligence of defendant in operating its street car. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff was a passenger on defendant's west-bound street car on Olive street in St. Louis. Having paid the car fare, the conductor furnished her with a transfer to be used on defendant's car running north on Jefferson avenue. It appears just before the car on which plaintiff was a passenger reached Jefferson avenue, she signalled the same to be stopped by ringing the electric bell, and walked to the rear end of the car with the purpose of alighting there. The car failed to stop in compliance with her signal, however, and she told the conductor she desired to go north on Jefferson avenue whereupon he said he would let her off at Beaumont, the next street to the west. Plaintiff says thereupon she assumed her position on the rear platform of the car to the end of stepping off when it should come to a stop at the next corner; that the car slowed down as it came to the corner of Beaumont and Olive streets as though it was going to stop for her to alight and she placed her foot upon the step, holding fast to the hand rail on the rear of the car. Just as she placed her foot upon the step, the car, instead of stopping, jerked sud

denly forward and precipitated her into the street, caus-ing the several injuries complained of.

It is first argued for defendant that the court should have directed a verdict for it for the reason the evidence fails to show the jerk of the car which precipi-tated plaintiff to the street was extraordinary or un-usual. The evidence in the record inheres with more force in this respect than defendant concedes; for besides that of plaintiff to the effect the car gave a sudden and unexpected jerk, a passenger testified that it jerked him backwards against his seat with a con-siderable jar. But we are not impressed with the argu-ment advanced for the reason that even an ordinary jerk of the car is sufficient prima facie in the circum-stances of the case. It appears the whole matter occur-red under the very eye of the conductor who had promis-ed plaintiff the car would be stopped at the corner of Beaumont and Olive streets, only a block away, for her to alight. The point mentioned is a usual stopping place for street cars and plaintiff was thus invited by the conductor in charge to be present and prepare to alight. Instead of the car stopping, as the conductor agreed, it did no more than slow down, indicating the stop was being made. Plaintiff had a right to rely upon this invitation and assume her position adjacent to the step, if she exercised ordinary care for her safety by holding fast to the hand rail as the evidence discloses. Having thus induced plaintiff to assume the position she occupied it would seem that the exercise of high care for her safety forbade any acceleration of speed which would tend to suddenly jerk the car and precipi-tate her into the street. Plaintiff had a right to antici-pate the car would stop at the point in question and not be suddenly moved forward without warning after she was invited to assume a position of readiness to alight. The principle of liability is more or less illustrated in the following cases: Jones v. Springfield Traction Co., 137 Mo. App. 408, 118 S. W. 675; Westervelt v. St.

Louis Transit Co., 222 Mo. 325, 121 S. W. 114; Groshong v. United Railways Co., 142 Mo. App. 718, 121 S. W. 1084.

The answer pleaded a release and acquittance of the cause of action relied upon in the petition. It is averred that in consideration of five dollars paid plaintiff she released and acquitted defendant of all claims for damages arising from her injury. Plaintiff's reply, which was verified under our statute, requiring as much when the execution of a written instrument is not conceded, denied that she released or acquitted defendant of the claim involved and averred that she had no knowledge whatever touching the release set forth in the answer. It appears in evidence that defendant's general manager had issued an order upon its treasurer, payable to plaintiff, in the sum of five dollars and there was evidence on the part of defendant that this order was delivered to plaintiff at the time she is said to have executed the release. But the evidence of plaintiff herself on this question goes to the effect that no such order was ever delivered to her and that she had no knowledge whatever of the release in question. Plaintiff's sister testified for her to the effect that the morning after the injury, defendant's claim agent called to see plaintiff but was not permitted to do so for the reason her injuries were so severe that an interview could not be allowed; that the claim agent presented a paper and requested her to sign it to the end that he might show he had called upon her. This witness said that she refused several times to sign the paper but finally, in order to get rid of the agent, who was persistent, she signed her sister's (plaintiff's) name thereto without authority and without knowing the contents of the paper. After the paper was so signed by plaintiff's sister, the claim agent left with the witness the order on defendant's treasurer for five dollars. It appears this order was never cashed and if plaintiff's evidence is to be believed, she had no knowledge of it whatever.

It is argued the court should have directed a verdict for defendant for the reason the reply did not aver she had tendered the five dollars to defendant before instituting the suit and, especially so as the evidence failed to disclose the order for that amount was tendered until after the suit was instituted. According to the theory of the case as presented by plaintiff in her reply, no contract of release was ever executed by her or with her knowledge. If this be true, then, of course, there was no contract to rescind or cancel and no tender of the amount was required. Indeed, if the evidence of plaintiff and her sister is to be believed, there was not only an absence of a contract of release but nothing had been received by her thereunder. When the execution of the release is entirely denied and it appears no payment was made to plaintiff thereunder, there is certainly no necessity for a tender either before or after suit is instituted. As we understand the law, a tender of the amount received is a prerequisite only in those cases where plaintiff concedes there has been a release executed and it is sought to be evaded, for in such circumstances the case presented is one for recision of a contract, and not the denial of a contract of release *in toto*. [See Dwyer v. Wabash R. Co., 66 Mo. App. 335; Malkmus v. St. Louis Portland Cement Co., 150 Mo. App. 446, 131 S. W. 148.] For reasoning by the Supreme Court on the question, see Och v. M. K. & T. R. R. Co., 130 Mo. 27, 31 S. W. 962. It is clear enough on the case presented by plaintiff's reply and the proof made for her, that a tender was not an essential prerequisite to maintaining the suit, but the question as to whether or not plaintiff executed the release and received and withheld the order on defendant's treasurer for five dollars until after the suit was instituted is for the jury, to be tried out under proper instructions.

After the suit was instituted, defendant gave notice and took plaintiff's deposition before a notary public.

Plaintiff's attorney appeared with his client at the taking of her deposition and participated therein. After the deposition was completed, it was read over to plaintiff and she affixed her signature thereto. The deposition was never filed in the cause, but defendant's counsel sought to cross-examine plaintiff with respect to certain statements she made therein. The use of the deposition for this purpose was objected to by counsel for plaintiff on the ground that the deposition had never been filed in the cause and because it was taken before a notary public who was an employee of defendant's general counsel. Counsel for defendant disclaimed any purpose to introduce the deposition in evidence, as it had never been filed in the cause in accordance with the statute, but insisted upon his right to cross-examine and confront plaintiff with respect to certain statements made therein as against her interests. The court, nevertheless, sustained plaintiff's objection and denied defendant's right to use the deposition even for the purpose of cross-examination to the end of contradicting material statements made by plaintiff at the trial. This was error. Though the deposition was not filed in the cause, it conclusively appeared to have been given by plaintiff and signed by her after hearing it read over, and any statements contained therein which tended to contradict material statements made by her at the trial were competent to be received in evidence. [Glasgow v. Met., etc., Ry. Co., 191 Mo. 347, 366, 368, 369, 89 S. W. 915.] Indeed had plaintiff made an ex parte statement out of court or written a letter contradictory to any material testimony she gave on the trial, it would have been competent for defendant to cross-examine her touching the matter as an admission against interest. Plaintiff's counsel concedes error in this respect, however, but argues that by cross-examining plaintiff, defendant's counsel elicited the same statements from her which he sought to show by the use of the deposition. We believe there can be no doubt that if defend-

ant had succeeded in eliciting all of the contradictory statements against plaintiff's interest from her while on the witness stand that were sought to be shown by the deposition, the judgment should not be reversed for this error alone. But upon examining the statements of plaintiff in her deposition, about which defendant sought to cross-examine and which it sought to introduce in evidence as matter of impeachment, it appears she made several statements in the deposition highly favorable to defendant and contradictory of her testimony at the trial, which were not elicited from her while on the witness stand. Indeed, it appears in the portions of the deposition referred to, plaintiff testified that she fell off the car in the middle of the block after it passed Beaumont street while it was running at eight miles an hour. If this statement were believed by the jury to be true, the finding would probably have been for defendant, as it contradicted the entire theory of her case. This statement was material to defendant for it tended to show that instead of being jerked from the car while at a usual stopping place, when she had a right to suppose the car was in the very act of stopping, as agreed by the conductor, she was remiss in her duty to exercise ordinary care for her own safety by riding on the step for a half block beyond, when the car was proceeding at a high rate of speed. Enough has been said to dispose of the important points in the appeal and it is not necessary to give judgment on other questions presented. If other errors there be, they may not occur on a retrial. For the error mentioned, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.